IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:12-cv-159 |
| JOHN DOES 1-23, | ) | |
| Defendants. | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:12-cv-160 |
| JOHN DOES 1-26, | ) | |
| Defendants. | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:12-cv-161 |
| JOHN DOES 1-26, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-162 |
| | ) | |
| JOHN DOES 1-16, | ) | |
| | ) | |
| Defendants. | ) | |
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-163 |
| | ) | |
| JOHN DOES 1-15, | ) | |
| | ) | |
| Defendants. | ) | |
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-164 |
| | ) | |
| JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-165 |
| | ) | |
| JOHN DOES 1-27, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-166 |
| JOHN DOES 1-8, | ) ) | |
| Defendants. | ) ) | |
| PATRICK COLLINS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-167 |
| JOHN DOES 1-26, | ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter comes before the Court on the April 3, 2012, Report and Recommendation of the Magistrate Judge regarding Plaintiffs' Motions for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. Prior to a hearing on these Motions, the Magistrate Judge sua sponte raised the issue of whether the Defendants in these cases are properly joined pursuant to Federal Rule of Civil Procedure 20, and ordered supplemental briefing from the parties on that issue. After a combined hearing on the Motions and the question of joinder, and upon consideration of the record and applicable authority, the Magistrate Judge recommended that all but the first of the Doe

3

Defendants in each of these matters be severed, and that Plaintiffs be permitted to serve discovery on the first Doe Defendants' internet service providers to learn their identities. Plaintiffs filed timely objections.

Federal Rule of Civil Procedure 72(a) provides that a district judge to whom a case is assigned must modify or set aside part of a magistrate judge's order governing nondispositive matters, but only if the order is clearly erroneous or contrary to law. Although the "contrary to law" standard ordinarily suggests a plenary review of legal determinations, the decisions of a magistrate judge concerning discovery disputes and scheduling should be afforded "great deference." In re Outsidewall Tire Litig., Nos. 1:09-cv-1217, 1:09-cv-1218, 2010 WL 1849035, at *3 (E.D. Va. May 4, 2010); see also 12 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 3069 (2d ed. 1997) (observing that altering a magistrate judge's nondispostive orders is "extremely difficult to justify."). Based on the sound and complete reasoning of the Magistrate Judge, it appears to the Court that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. Accordingly, it is hereby

ORDERED that all but the first of the Doe Defendants in each of these nine matters are severed, and Plaintiffs are permitted to serve discovery on each of the remaining Doe

4

Defendants' internet service providers to ascertain the identities of those nine Doe Defendants.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
May 30, 2012